*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HUNTINGTON RIDGE FARM, INC.,

    Plaintiff-Appellant,

v

DEVOTED FRIENDS ANIMAL SOCIETY, INC.,

    Defendant-Appellee.

UNPUBLISHED
June 05, 2026
11:28 AM

No. 371260
Oakland Circuit Court
LC No. 2024-205905-AV

Before: BAZZI, P.J., and RICK and MALDONADO, JJ.

PER CURIAM.

In this land contract forfeiture action, plaintiff appeals by leave granted[1] the circuit court's May 20, 2024 order (a) denying an application for leave to appeal filed by defendant from the district court's February 8, 2024 judgment of possession entered *nunc pro tunc*, but (b) remanding to the district court for entry of an order vacating the February 8, 2024 judgment of possession and instead entering the approved State Court Administrative Office (SCAO) "Judgment of Possession After Land Contract Forfeiture." We vacate in part the circuit court's orders to the extent they unwind the subsequent sale of the property by plaintiff to the third party, affirm in part, and dismiss the appeal as moot.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a professional horse training company owned by Kimberly Carey and formerly located at 1301 West Rose Center Road, Holly, Michigan 48442 (the property), a property which it initially purchased in 2000. Defendant is a nonprofit organization that rehabilitates abused and neglected animals. Defendant was cofounded by Melissa Borden, one of its board members. In 2019, Carey wished to downsize her business and listed the property for sale. On May 22, 2019, plaintiff sold the property to defendant for $1,180,000. Defendant paid plaintiff a down payment of $300,000. The remaining balance, $880,000, was to be paid off with interest in monthly

---

[1] *Huntington Ridge Farm, Inc v Devoted Friends Animal Society, Inc*, unpublished order of the Court of Appeals, entered December 18, 2024 (Docket No. 371260).

installments of $6,000, beginning on July 1, 2019. The terms of payment also stated: "PROVIDED, the entire purchase money and interest shall be fully paid within 5 years from the date hereof, anything herein to the contrary notwithstanding." Defendant agreed to pay "taxes and assessments," and to insure the property "against loss and damage." Defendant further agreed to maintain the property in good condition. The land contract included a "Right to Forfeit" clause, allowing plaintiff to retake possession of the property if defendant failed to perform. The parties also entered an agreement, in which defendant, through Borden, leased certain portions of the property to Carey, the tenant, for five years "or as long as the Land Contract . . . is in effect[.]" Carey was provided 10 stalls for $3,000 monthly in the lower barn on the property.

Defendant moved into the property in summer 2019. Borden lived on the property and managed defendant's farm by caring for the animals. Borden handled day-to-day operations, and other employees of defendant handled maintenance of the property. Defendant missed the $6,000 monthly payments under the land contract from February 2022 until January 2023. Defendant did not pay the summer 2022 property taxes. Defendant never provided plaintiff proof of insurance for the property from May 2019 until January 2023. In June 2023, having regained possession, plaintiff sold the property to Phillip Portman for $850,000.

In April 2022, plaintiff prepared a forfeiture notice for the land contract, stating defendant defaulted on its monthly payments and was not maintaining the property. In May 2022, plaintiff filed a complaint for possession after land forfeiture in the district court, seeking to recover possession of the property for nonpayment of monthly payments and a material breach of the land contract. Plaintiff contended defendant had not made a payment since January 2022 and owed $24,000.[2] Defendant answered plaintiff's complaint and counterclaimed for a breach of the lease agreement. Defendant filed a separate action in the district court against plaintiff to recover possession of the property for nonpayment of rent.

The district court held hearings, and plaintiff submitted a proposed judgment of possession after land contract forfeiture under the seven-day rule. The proposed order used the SCAO approved form and listed the amounts owed. Defendant filed objections to the proposed judgment of possession. The district court granted a judgment of possession to plaintiff under the land contract forfeiture, but maintained the "status quo until the trial." On July 27, 2022, the district court entered an order after the July 19, 2022 hearing, ordering plaintiff "is entitled to judgment of possession on its land contract forfeiture complaint" as to the property. The parties stipulated to the form of the order.

A bench trial on damages commenced on September 6, 2022, and continued on four additional dates. Meanwhile, in October 2022, plaintiff moved in the district court to evict defendant from the property. Plaintiff argued that the district court entered a judgment of possession on the land contract on July 27, 2022, that the 90-day redemption period under MCL 600.5744 passed, and that defendant failed to make any redemption payments. At a hearing, the

---

[2] In a prior action in the district court, plaintiff obtained a January 27, 2022 judgment of possession after land contract forfeiture, requiring payment by defendant for $36,000 in unpaid monthly installments and $20,503.43 in damages. Defendant had 90 days to cure the breach and pay the amount owed. The amount was paid by defendant.

district court granted the motion, ruling over 90 days had passed since the July 27, 2022 order, and plaintiff "is entitled to possession of [the] property." At another hearing, in response to a challenge by defendant's counsel, the district court affirmed that a "valid" judgment of possession was granted. The district court granted possession to plaintiff, and allowed a stay and a $100,000 bond by defendant. On November 28, 2022, the district court entered the application and order of eviction to "restore [] plaintiff to, and put [] plaintiff in, full possession of the premises." An "immediate stay pending appeal" was entered and an appeal bond of $100,000 was to be posted "to stay execution of this order of eviction."

On December 8, 2022, defendant applied for leave to appeal to the circuit court (the 2022 appeal). Defendant appealed the district court's orders entered on July 27, 2022, and November 28, 2022. Defendant argued that the district court erred when it entered "an order of possession" on July 27, 2022, and treated that order "as a judgment of forfeiture even though that order lacks all of the essential information required by MCR 4.201(K)." Defendant asserted the July 27, 2022 order was not a final order and did not advise defendant of its right to appeal within 10 days. Defendant posted the $100,000 bond on appeal. The circuit court denied defendant's application for leave to appeal. Defendant applied to this Court for leave to appeal on January 19, 2023, and plaintiff moved to dismiss the application. This Court denied defendant's application for leave to appeal "for failure to persuade the Court of the need for immediate appellate review." *Huntington Ridge Farm, Inc v Devoted Friends Animal Society, Inc*, unpublished order of the Court of Appeals, entered February 15, 2023 (Docket No. 364615).

On February 27, 2023, the district court concluded the bench trial and found defendant owed plaintiff $78,000 under the land contract, as well as the amount owed for the summer 2022 taxes. The district court stated its "determination" under MCL 600.5726 "was made . . . at its hearing on July 19, 2022[,] and as per its [o]rder of [p]ossession entered on July 27[,] [] 2022, later confirmed by its . . . [o]rder following November 22, 2022[,] hearing and [e]viction [o]rder dated November 28, 2022." The district court entered an opinion and order on March 1, 2023, which ordered judgment in favor of plaintiff regarding its complaint for land contract forfeiture, requiring defendant to pay plaintiff $92,016.66. The district court awarded plaintiff funds held in escrow of $42,000, which reduced the amount owed by defendant to $50,016.66. Defendant's counterclaim and separate eviction complaint were dismissed. Plaintiff moved on an emergency basis for clarification of the timing to execute an order of eviction. On March 7, 2023, the district court ordered the November 28, 2022 order of eviction was "operable."

On March 6, 2023, defendant appealed the district court's March 1, 2023 opinion and order to the circuit court (the 2023 appeal). During the pendency of the appeal, defendant moved ex parte for a stay of eviction. On March 15, 2023, the circuit court denied the motion because defendant "has not shown that the bond posted in the [district] court stays the order of eviction." On March 15, 2023, defendant was evicted from the property by the court officer and plaintiff was restored possession of the property.

On May 1, 2023, defendant filed a notice of lis pendens on the property, stating it was "the subject of a lawsuit" pending in the circuit court. Meanwhile, plaintiff attempted to sell the property to Phillip Portman, with a closing date of May 19, 2023. The closing did not occur because plaintiff was unable to obtain title insurance after the notice of lis pendens was recorded. On May 22, 2023, plaintiff moved in the circuit court on an emergency basis to discharge the lis

pendens under MCL 600.2725, asserting the district court entered the judgment of possession in its July 27, 2022 order, which defendant did not contest or appeal. Plaintiff noted the 90-day statutory redemption period expired on October 25, 2022. Plaintiff contended the notice of lis pendens was facially deficient and defendant did not have a good-faith argument of having any interest in the property. On May 31, 2023, the circuit court granted the emergency motion to discharge the lis pendens under MCL 600.2725 and ordered the notice of lis pendens filed by defendant was discharged.

On June 2, 2023, plaintiff sold the property to Portman for $850,000. On June 21, 2023, defendant moved in the circuit court to release the bond, asserting, although the appeal was pending, defendant was evicted and the property was sold, making it "impossible" for defendant to set aside the judgment of possession and reclaim the property. Plaintiff opposed the motion. On July 12, 2023, the circuit court denied defendant's motion, noting the bond was "securing payment for a money judgment that is the subject of this appeal."

After a hearing, the circuit court entered an opinion and order (a) vacating the district court's November 28, 2022 order and "any subsequent orders that stemmed from it," and (b) remanding the matter to the district court to enter "the approved SCAO 'Judgment of Possession After Land Contract Forfeiture' containing the appropriate information for the Land Contract Case" on October 13, 2023. The circuit court noted defendant sought review of the July 2022 and November 2022 orders. The circuit court determined the July 2022 order was an invalid judgment under MCR 4.202(J) and MCL 600.5741 because it only stated plaintiff was entitled to receiving a judgment of possession and did not include "under what conditions (if any) a writ of restitution would be issued and that an appeal or post[]judgment motion to challenge the judgment may be filed within 10 days." Consequently, the July 2022 and November 2022 orders were subject to review, and the "prior appellate orders" did not "operate as a conclusive adjudication on the merits."

The circuit court stated the district court's "pronouncements during the July 19, 2022 hearing" did not "equate to a judgment of possession." The circuit court determined the July 2022 order was not a judgment of possession and "did not properly trigger the 90-days relied on . . . to enter the [November] 2022 Order." The circuit court averred that the district court abused its discretion by entering the November 2022 order, finding the district court's error of entering the order "was not a harmless error because it was inconsistent with substantial justice, which requires a judgment to trigger the start of the 90 days." The circuit court further resolved that the district court "lacked jurisdiction to enter the [November] 2022 Order." Plaintiff moved for reconsideration on the basis the "eviction order is moot because the property was sold . . . ." The circuit court denied the motion on January 12, 2024, because plaintiff "has not demonstrated a palpable error in the [circuit court's] October 13, 2023 decision."

On remand in the district court, defendant moved for satisfaction of judgment and the continued handling of funds on remand, which plaintiff opposed. The district court held a hearing, and on February 8, 2024, ruled the judgment of possession was entered *nunc pro tunc*, "as though it was entered on July 27, 2022." The district court ordered the bond on appeal "shall be paid," with plaintiff receiving $51,735.35 and defendant receiving $12,175.78. Defendant's motion for a stay was denied. The referenced judgment of possession after land contract forfeiture was on

the SCAO form, dated retroactively to July 27, 2022, and stated that plaintiff had a right to possession and ordered eviction after 90 days if defendant did not pay the amount owed.

On February 29, 2024, defendant applied in the circuit court for leave to appeal the district court's February 8, 2024 order. Defendant asserted the district court exceeded the remand order by entering the judgment of possession *nunc pro tunc*, depriving defendant of its statutory right to redemption. On May 20, 2024, the circuit court denied defendant's application for leave to appeal, but remanded the case to the district court "for entry of an order vacating the February 8, 2024 judgment entered *nunc pro tunc* and entering the approved SCAO 'Judgment of Possessions After Land Contract Forfeiture.' " The circuit court determined the district court "deprive[d] [defendant] of its redemption rights."

On June 10, 2024, plaintiff applied to this Court for leave to appeal the circuit court's May 20, 2024 order, asserting the judgment of possession was moot because the property was sold and the land contract expired. Plaintiff alternatively argued the district court's entry of the judgment of possession *nunc pro tunc* was not an abuse of discretion, and the circuit court lacked authority to rule regarding possession. This Court granted the application for leave to appeal. *Huntington Ridge Farm, Inc v Devoted Friends Animal Society, Inc*, unpublished order of the Court of Appeals, entered December 18, 2024 (Docket No. 371260). This appeal ensued.

## II. ANALYSIS

Plaintiff asserts the case is moot and, regardless of whether a judgment of possession was entered, the circuit court's remand order (a) vacating the district court's February 8, 2024 judgment of possession, which was entered *nunc pro tunc*, and (b) instructing the entry of the approved SCAO form for the judgment of possession after land contract forfeiture by the district court, would have no practical effect. We agree.

"The applicability of a legal doctrine, such as mootness, is a question of law which this Court reviews de novo." *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019) (quotation marks and citation omitted). "A de-novo review means [this Court] review[s] the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

Whether a case is moot "is a threshold issue that a court must address before it reaches the substantive issues of a case." *Can IV Packard Square, LLC*, 328 Mich App at 661 (quotation marks and citation omitted). This Court "does not decide moot issues." *Id*. (quotation marks and citation omitted). "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 386; 803 NW2d 698 (2010). "A matter is moot if this Court's ruling 'cannot for any reason have a practical legal effect on the existing controversy.' " *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019), citing *Gen Motors Corp*, 290 Mich App at 386. However, this Court "may review a moot issue if it is publicly significant and likely to recur, yet may evade judicial review." *Gen Motors Corp*, 290 Mich App at 386.

In the present case, the record demonstrates that the subject property was sold to Portman and plaintiff no longer has any ownership rights. Plaintiff purchased the property in 2000. On May 22, 2019, plaintiff sold the property to defendant for $1,180,000. Defendant paid plaintiff a down payment of $300,000, with the remaining balance, $880,000, to be paid with interest in monthly installments of $6,000, beginning on July 1, 2019. The terms of payment also stated: "PROVIDED, the entire purchase money and interest shall be fully paid within 5 years from the date hereof, anything herein to the contrary notwithstanding." Defendant agreed to pay "taxes and assessments" for the property, and to insure the property "against loss and damage." Defendant further agreed to maintain the property in good condition, except for "reasonable wear and tear."

The land contract included a "Right to Forfeit" clause, providing:

> If [defendant] shall fail to perform this contract or any part thereof, [plaintiff] immediately after such default shall have the right to declare the same forfeited and void, and retain whatever may have been paid hereon, and all improvements that may have been made upon the premises, together with additions and accretions thereto, and consider and treat [defendant] as his tenant holding over without permission and may take immediate possession of the premises, and [defendant] and each and every other occupant removed and put out. In all cases where a notice of forfeiture is relied upon by [plaintiff] to terminate rights hereunder, such notice shall specify all unpaid moneys and other breaches of this contract and shall declare forfeiture of this contract effective in [15] days after service unless such money is paid and any other breaches of this contract are cured within that time.

The parties entered an agreement, in which defendant, through Borden, leased certain portions of the property to Carey, the tenant, for five years "or as long as the Land Contract . . . is in effect[.]" Carey was provided 10 stalls for $3,000 monthly in the lower barn. Defendant missed the $6,000 monthly payments under the land contract from February 2022 until January 2023, for a total of $72,000. Defendant did not pay the summer 2022 property taxes of $11,034.97, under the land contract. Defendant never provided plaintiff proof of insurance for the property from May 2019 until January 2023.

In April 2022, plaintiff prepared a forfeiture notice for the land contract. In May 2022, plaintiff filed a complaint for possession after land forfeiture, seeking to recover possession of the property for nonpayment of monthly payments and a material breach of the land contract. The district court entered an order after a hearing, indicating plaintiff "is entitled to judgment of possession on its land contract forfeiture complaint" as to the property.

On October 28, 2022, plaintiff moved the district court to evict defendant from the property. Plaintiff argued the 90-day redemption period under MCL 600.5744 passed, and defendant did not make any redemption payments. The district court granted the motion and granted possession of the property to plaintiff. The district court entered the application and order of eviction. An "immediate stay pending appeal" was entered. Defendant applied for leave to appeal to the circuit court, which the circuit court denied. Defendant applied to this Court for leave to appeal, which this Court denied. *Huntington Ridge Farm, Inc v Devoted Friends Animal*

-6-

*Society, Inc*, unpublished order of the Court of Appeals, entered February 15, 2023 (Docket No. 364615).

After the bench trial on damages, the district court ordered judgment in favor of plaintiff regarding its complaint for land contract forfeiture, ordering defendant to pay plaintiff $92,016.66, and awarding plaintiff funds held in escrow of $42,000, reducing the amount owed by defendant to $50,016.66. Defendant's counterclaim in the land contract forfeiture case and complaint in the eviction matter were dismissed. Plaintiff moved for clarification of the timing to execute an order of eviction. On March 7, 2023, the district court ordered the district court's officer to restore possession of the property to plaintiff. On March 6, 2023, defendant appealed the district court's March 1, 2023 opinion and order to the circuit court. During the pendency of the appeal, defendant moved ex parte for a stay of eviction, which the circuit court denied. On March 15, 2023, defendant was evicted from the property and plaintiff was restored possession of the property.

On May 1, 2023, defendant filed a notice of lis pendens on the property, stating it was "the subject of a lawsuit" pending in the circuit court. Meanwhile, plaintiff attempted to sell the property to Portman, with a closing date of May 19, 2023, which did not occur because plaintiff was unable to obtain title insurance after the notice of lis pendens was recorded. On May 22, 2023, plaintiff moved in the circuit court to discharge the lis pendens under MCL 600.2725, asserting the district court entered the judgment of possession in its July 27, 2022 order, which defendant did not contest or appeal. Plaintiff noted the 90-day statutory redemption period expired on October 25, 2022. Plaintiff argued that defendant had no right to file a notice of lis pendens after plaintiff regained possession of the property, contended the notice of lis pendens was facially deficient, and argued defendant lacked a good-faith argument of having any interest in the property.

Crucially, on May 31, 2023, the circuit court granted the motion under MCL 600.2725, and ordered the notice of lis pendens filed by defendant be discharged. On June 2, 2023, plaintiff sold the property to Portman for $850,000. On June 21, 2023, defendant moved in the circuit court to release the bond, admitting it was evicted, and the property was sold, making it "impossible" for defendant to reclaim the property. On July 12, 2023, the circuit court denied defendant's motion, noting the bond was "securing payment for a money judgment."

After plaintiff's sale of the property, no court is able to enforce any equitable relief relating to the property, and defendant admitted that reclaiming the property is impossible. Even though the district court never entered the proper SCAO form of the judgment of possession, entry of such an order now—whether dated in the present or retroactively—would have no legal effect. See *In re Tchakarova*, 328 Mich App at 178-179. The circuit court's October 13, 2023 opinion and order, and any subsequent orders relating to the possession issue, are vacated as moot.

Defendant's argument Portman was not a bona-fide purchaser because he knew plaintiff may not have title to the property on the basis of the notice of lis pendens is meritless. "A lis pendens is notice . . . of what [is] involved in the suit. A lis pendens does not annul property interests, but merely render[s] them subordinate to the rights of the parties to the action as determined by the judgment or decree." *Ligon v Detroit*, 276 Mich App 120, 128; 739 NW2d 900 (2007) (alterations in original; quotation marks and citations omitted). "A lis pendens has no effect on fixed property rights that already exist at the time the lis pendens is filed." *Id*. A bona-fide

purchaser "is one who purchases without notice of a defect in the vendor's title." *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 393; 761 NW2d 353 (2008). "Notice can be actual or constructive." *Id*. "A person who has notice of a possible defect in a vendor's title and fails to make further inquiry into the possible rights of a third party is not a good-faith purchaser[.]" *Penrose v McCullough*, 308 Mich App 145, 152-153; 862 NW2d 674 (2014) (quotation marks and citation omitted).

Defendant relies on *Richards v Tibaldi*, 272 Mich App 522, 539-540; 726 NW2d 770 (2006), for the undisputed proposition that, "[r]egarding actual notice, a party who knows at the time a deed is received that the grantor lacks title to the property being conveyed or has notice that the grantor may not have title cannot be a bona fide purchaser." Defendant's argument is unavailing because plaintiff and Portman waited until after the circuit court discharged the lis pendens before closing the sale on the property. Defendant offers no support for its assertion that it possessed a superior ownership interest in the property. Moreover, defendant offered no support for its contention that the discharge of the lis pendens did not mean the title was marketable.

Because the case is moot, this Court need not address the remainder of plaintiff's issues on appeal.

Vacated in part, affirmed in part, and dismissed for mootness.

/s/ Mariam S. Bazzi
/s/ Michelle M. Rick
/s/ Allie Greenleaf Maldonado